FILED
2010 Jan-07  AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

%JS 44  (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

ARLANDER TAYLOR, III

(b) County of Residence of First Listed Plaintiff  Jefferson
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
John G. Watts
M. Stan Herring

### DEFENDANTS

EQUIFAX INFORMATION SERVICES, LLC
and TRANS UNION, LLC
County of Residence of First Listed Defendant  State of Georgia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Victoria J. Franklin-Sisson

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)  [XXXX]
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 [XXX] | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 [XXX] | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark [XXX] | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court  [XXX]
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1681, et seq.
Brief description of cause:
Fair Credit Reporting Act

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  over $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

FILED

2010 JAN -6  P 3: 15

ARLANDER TAYLOR, III

U.S. DISTRICT COURT
N.D. OF ALABAMA

CIVIL NO.

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC

and TRANS UNION, LLC;

Defendants.

## NOTICE OF REMOVAL

Comes now Defendant, Equifax Information Services, LLC ("Equifax"), by counsel, and hereby files this Notice of Removal of this action from the Circuit Court of Jefferson County, State of Alabama, wherein it is now pending as Case No. CV-2009-903868.00, to the United States District Court for the Northern District of Alabama. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof Defendant shows this Court as follows:

1.      An action was filed on December 3, 2009 in the Circuit Court of Jefferson County, State of Alabama, entitled *Arlander Taylor, III v. Equifax Information Services LLC, et al.*, Civil Action No. CV-2009-903868.00 (the "State Court Action").

2.      Equifax was served with the Complaint on December 10, 2009. Trans Union, LLC was served with the Complaint on December 10, 2009. Trans Union's Consent to Removal is attached hereto as **Exhibit A**.

3.      This Notice is being filed with this Court within thirty (30) days after Equifax was served with a copy of Plaintiff's initial pleading setting forth the grounds for his action and his claims for relief.

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically 15 U.S.C. § 1681 *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

(a)      Plaintiff's Complaint, on its face, alleges a violation of the FCRA. (See Plaintiff's Complaint).

(b)      The FCRA, pursuant to 15 U.S.C. § 1681(p), provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy . . ."

5.      Promptly after the filing of this Notice of Removal, Equifax shall give written notice of the removal to the Plaintiff and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

6.      Attached hereto, as **Exhibit B**, are copies of the Summons and Complaint served upon Equifax in the State Court Action.

7.      Attached hereto, as **Exhibit C**, are copies of the entire file in the state court action pending in the Circuit Court of Jefferson County, Alabama, Case No. CV-2009-900052.

WHEREFORE, Equifax requests that the above-described action be removed to this Court.

2

Respectfully submitted,

**EQUIFAX INFORMATION SERVICES, LLC**

By: s/Victoria J. Franklin-Sisson
     Victoria J. Franklin-Sisson
     Jones, Walker, Waechter, Poitevent,
     Carrère & Denègre, L.L.P.
     505 20th Street N., Ste. 600
     Birmingham, Alabama   35203
     Tel.:  205.226.5200
     Fax:   205.226.5226
     vsisson@joneswalker.com

**Of Counsel:**

     Brian Olson
     bjolson@KSLaw.com
     KING & SPALDING LLP
     1180 Peachtree Street
     Atlanta, Georgia 30309
     Tel: (404) 215-5806
     Fax: (404) 572-5172

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of January, 2010, a true and correct copy of the foregoing was served by United States mail, postage pre-paid and properly addressed on the following counsel:

*Attorneys for Plaintiff*

John G. Watts, Esq.
Watts Law Group, PC
700 29th Street S., Suite 201
P.O. Box 531168
Birmingham, Alabama   35253

M. Stan Herring, Jr., Esq.
M. Stan Herring, PC
201 Avon Place
700 29th Street S.
Birmingham, Alabama  35233

3

*Attorney for Trans Union, LLC*

Marc F. Kirkland, Esq.
Strasburger and Price, LLP
2801 Network Boulevard, Ste. 600
Frisco, Texas   75034

s/Victoria J. Franklin-Sisson

4

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ARLANDER TAYLOR, III

                                  CIVIL NO.

       Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC
and TRANS UNION, LLC;

       Defendants.

### TRANS UNION, LLC'S JOINDER IN NOTICE OF REMOVAL

Pursuant to Section 1441 and 1446 of Title 28 of the United States Code, Defendant, Trans Union, LLC, hereby joins in and consents to the notice of removal of this action filed by Defendant, Equifax Information Services, LLC, without waiving its rights to assert any personal jurisdictional claims or other motions including Rule 12 motions and/or motions to compel arbitration by the Federal Rules of Civil Procedure.

Dated:  January 6, 2010.

                    Respectfully submitted,

                    **TRANS UNION, LLC**

                    By:  Marc F. Kirkland, Esq.
                          Attorney for Trans Union, LLC
                          Strasburger and Price, LLP
                          2801 Network Boulevard, Ste. 600
                          Frisco, Texas     75034
                          Tel.:  469.287.3946
                          Fax:   469.227.6575
                          Marc.Kirkland@strasburger.com



EXHIBIT
A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2009-903868.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### ARLANDER TAYLOR III v. EQUIFAX INFORMATION SERVICES, LLC ET AL

**NOTICE TO**  EQUIFAX INFORMATION SERVICES, LLC, C/O CSC LAWYERS INC. SRV 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ARLANDER TAYLOR III
pursuant to the Alabama Rules of the Civil Procedure

| 12/3/2009 8:35:28 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                          Server's Signature


EXHIBIT
B

ELECTRONICALLY FILED
12/3/2009 8:35 PM
CV-2009-903868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ARLANDER TAYLOR, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, INC. and TRANS UNION, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA[1]") and violations of state law.

### Parties

1. The Plaintiff, Arlander Taylor, III ("Plaintiff"), is a natural person who is a resident of Alabama.

2. Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Georgia and it is incorporated in Georgia.

3. Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting

---

[1] Any reference to the FCRA includes all applicable subsections whether explicitly stated or not.

consumer credit information and does business in this Judicial District.   Its principal place of business is the State of Illinois and it is incorporated in Delaware.

### Factual Allegations

4.   Capital One Bank, N.A. ("Capital One") is reporting that Plaintiff owes it money on a Capital One account.

5.   The last payment was made in the late 1990s and even Capital One admits that the last payment was made in November 2000 (the alleged November 2000 payment is incorrect but this shows that it is too late to be reporting this account).

6.   In 2008, Plaintiff requested that Defendants Equifax and Trans Union delete the Capital One account, as it was too old to be reported.   Plaintiff sent dispute letters to the Defendants Equifax and Trans Union requesting an investigation of the Capital One account that appeared on Plaintiff's credit report.

7.   Plaintiff enclosed a copy of a Capital One letter to Plaintiff dated June 9, 2008, which sets forth the November 2000 payment date (although it was actually earlier that the last payment was made) and that Capital One will request that the account be deleted from Plaintiff's credit reports.

8.   Defendants Equifax and Trans Union were not concerned and did not care that this account was too old to be reported as Equifax and Trans Union did not intend to perform a reasonable investigation.

9.   Defendants Equifax and Trans Union did not perform any type of reasonable investigation.

10.   Despite the obvious problem with this account remaining on Plaintiff's credit reports (i.e. it is too late to be reporting this account), all Defendants negligently, wantonly,

2

recklessly, and/or intentionally performed an unreasonable investigation which resulted in this account staying on Plaintiff's credit reports.

11.    All Defendants failed to properly investigate these disputes as if Defendants had properly investigated, the Capital One account would have been deleted.

12.    Defendant Equifax issued its results of investigation, which shows the Capital account with a balance, past due and as a charge off.

13.    Defendant Trans Union issued its results of investigation, which shows the Capital account with a balance, past due and as a charge off.

14.    The Defendants indicate the account will remain on Plaintiff's credit reports for years to come.

15.    Defendants Equifax and Trans Union were provided with more than sufficient information in the disputes and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

16.    Despite this knowledge, Equifax and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Capital One, has told them to say.

17.    Defendants Equifax and Trans Union have a policy to favor the paying customer, in this situation Capital One, rather than what the consumer says about a debt or what Defendants Equifax and Trans Union own internal records show.

18.    The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendants Equifax and Trans Union.

3

19.    The importance of keeping balances and/or accounts on credit reports is that all the
       Defendants understand that one of the most powerful methods furnishers have to wrench
       payment from a consumer is by placing accounts and/or balances on the consumer's
       credit reports.

20.    Defendant Equifax and Trans Union have a policy to allow furnishers to park accounts.

21.    "Parking" is a term in the industry for keeping a false balance (or false account) on the
       credit report so that the consumer will be forced to pay off the balance in order to obtain a
       refinancing or to qualify for a loan or to increase the consumer's credit score from the
       artificially lowered score which directly resulted from the Defendants' intentional and
       malicious conduct.

22.    In parking or allowing the parking of an account, all Defendants know they are violating
       their obligations and duties under federal and state law to accurately report the account
       and the balance.

23.    All Defendants know that parking an account will lead to false and defamatory
       information being published every time the Plaintiff's credit report is accessed and this is
       the malicious and intentional design behind Defendants' actions with the goal to force the
       Plaintiff to pay on an account that is too old to report.

24.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed
       to review the information provided in the disputes and that was already in their files and
       to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result
       and consequence to all of the Defendants either failing to delete information found to be
       inaccurate, failing to replace the inaccurate information with accurate information, and/or
       reinserting the information without following the dictates of the FCRA.

4

25. At all relevant times the Defendants Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

26. Defendants Equifax and Trans Union have failed to maintain Plaintiff's account with maximum accuracy.

27. All Defendants have failed to properly investigate the account in response to the disputes made by Plaintiff.

28. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

29. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

30. All Defendants know their conduct is wrong.

31. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

32. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation

of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

33.   All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

34.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

35.   Defendants Equifax and Trans Union are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

36.   Capital One is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

37.   Plaintiff notified Defendants Equifax and Trans Union directly of a dispute on the Capital One account's completeness and/or accuracy, as reported.

38.   Defendants Equifax and Trans Union properly forwarded all dispute information to Capital One.

39.   In the alternative, Defendants Equifax and Trans Union failed to do so and violated the FCRA in not doing so.

40. All Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

41. Plaintiff alleges that at all relevant times Defendants Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

42. One example of the wrongdoing on the part of all Defendants is that this individual account is too old to be reported but all Defendants closed their eyes to this fact, refused to look at this, or willfully, recklessly wantonly, or negligently failed to consider this.

43. Plaintiff alleges that all Defendants failed to conduct a proper and lawful investigation or reinvestigation.

44. Had the Defendants conducted a reasonable investigation the account would have been deleted.

45. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

46. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

47.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

48.  All Defendants intentionally published false and defamatory information related to the Capital One account.

49.  All Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of Capital One's account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

50.  All Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

51.  All Defendants violated all of the duties all Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

52.  It was foreseeable, and all Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

53.  All Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

54.  All Defendants acted with intentional, reckless, or wanton conduct in reporting this false information.

55.  Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

56.    As a result of this conduct, action, and inaction of all Defendants, Plaintiff has suffered

damage as set forth in this Complaint.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully prays that judgment in excess of $75,000 be entered

against the Defendants for the following:

A.    An award of statutory, actual, compensatory and punitive damages, and costs of the

action including expenses, together with reasonable attorney's fees.

B.    Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or State

law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts

9

**Serve defendants via certified mail at the following addresses:**

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

ELECTRONICALLY FILED
12/3/2009 8:35 PM
CV-2009-903868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-200<br>Date of Filing:<br>12/03/2009 | |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ARLANDER TAYLOR III v. EQUIFAX INFORMATION SERVICES, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
                ☐ Government ☐ Other                            ☐ Government ☐ Other

---

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:   FCRA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F☑ INITIAL FILING      A☐ APPEAL FROM DISTRICT COURT      O☐ OTHER

         R☐ REMANDED            T☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes ☐ No

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**   WAT056      12/3/2009 8:30:21 PM      /s JOHN GRIFFIN WATTS

---

**MEDIATION REQUESTED:**   ☐ Yes ☑ No ☐ Undecided



**EXHIBIT**

C

ELECTRONICALLY FILED
12/3/2009 8:35 PM
CV-2009-903868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ARLANDER TAYLOR, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, INC. and TRANS UNION, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA[1]") and violations of state law.

### Parties

1. The Plaintiff, Arlander Taylor, III ("Plaintiff"), is a natural person who is a resident of Alabama.

2. Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Georgia and it is incorporated in Georgia.

3. Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting

---

[1] Any reference to the FCRA includes all applicable subsections whether explicitly stated or not.

consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Illinois and it is incorporated in Delaware.

## Factual Allegations

4.     Capital One Bank, N.A. ("Capital One") is reporting that Plaintiff owes it money on a Capital One account.

5.     The last payment was made in the late 1990s and even Capital One admits that the last payment was made in November 2000 (the alleged November 2000 payment is incorrect but this shows that it is too late to be reporting this account).

6.     In 2008, Plaintiff requested that Defendants Equifax and Trans Union delete the Capital One account, as it was too old to be reported.  Plaintiff sent dispute letters to the Defendants Equifax and Trans Union requesting an investigation of the Capital One account that appeared on Plaintiff's credit report.

7.     Plaintiff enclosed a copy of a Capital One letter to Plaintiff dated June 9, 2008, which sets forth the November 2000 payment date (although it was actually earlier that the last payment was made) and that Capital One will request that the account be deleted from Plaintiff's credit reports.

8.     Defendants Equifax and Trans Union were not concerned and did not care that this account was too old to be reported as Equifax and Trans Union did not intend to perform a reasonable investigation.

9.     Defendants Equifax and Trans Union did not perform any type of reasonable investigation.

10.    Despite the obvious problem with this account remaining on Plaintiff's credit reports (i.e. it is too late to be reporting this account), all Defendants negligently, wantonly,

recklessly, and/or intentionally performed an unreasonable investigation which resulted in this account staying on Plaintiff's credit reports.

11. All Defendants failed to properly investigate these disputes as if Defendants had properly investigated, the Capital One account would have been deleted.

12. Defendant Equifax issued its results of investigation, which shows the Capital account with a balance, past due and as a charge off.

13. Defendant Trans Union issued its results of investigation, which shows the Capital account with a balance, past due and as a charge off.

14. The Defendants indicate the account will remain on Plaintiff's credit reports for years to come.

15. Defendants Equifax and Trans Union were provided with more than sufficient information in the disputes and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

16. Despite this knowledge, Equifax and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Capital One, has told them to say.

17. Defendants Equifax and Trans Union have a policy to favor the paying customer, in this situation Capital One, rather than what the consumer says about a debt or what Defendants Equifax and Trans Union own internal records show.

18. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendants Equifax and Trans Union.

3

19.    The importance of keeping balances and/or accounts on credit reports is that all the
       Defendants understand that one of the most powerful methods furnishers have to wrench
       payment from a consumer is by placing accounts and/or balances on the consumer's
       credit reports.

20.    Defendant Equifax and Trans Union have a policy to allow furnishers to park accounts.

21.    "Parking" is a term in the industry for keeping a false balance (or false account) on the
       credit report so that the consumer will be forced to pay off the balance in order to obtain a
       refinancing or to qualify for a loan or to increase the consumer's credit score from the
       artificially lowered score which directly resulted from the Defendants' intentional and
       malicious conduct.

22.    In parking or allowing the parking of an account, all Defendants know they are violating
       their obligations and duties under federal and state law to accurately report the account
       and the balance.

23.    All Defendants know that parking an account will lead to false and defamatory
       information being published every time the Plaintiff's credit report is accessed and this is
       the malicious and intentional design behind Defendants' actions with the goal to force the
       Plaintiff to pay on an account that is too old to report.

24.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed
       to review the information provided in the disputes and that was already in their files and
       to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result
       and consequence to all of the Defendants either failing to delete information found to be
       inaccurate, failing to replace the inaccurate information with accurate information, and/or
       reinserting the information without following the dictates of the FCRA.

4

25. At all relevant times the Defendants Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

26. Defendants Equifax and Trans Union have failed to maintain Plaintiff's account with maximum accuracy.

27. All Defendants have failed to properly investigate the account in response to the disputes made by Plaintiff.

28. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

29. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

30. All Defendants know their conduct is wrong.

31. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

32. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation

of the FCRA and/or state law and/or that they knew or should have known that their
actions were in reckless disregard of the FCRA and/or state law.

33.   All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior
      with respect to accounts and consumer reports and as such all Defendants are subject to
      punitive damages and statutory damages and all other appropriate measures to punish and
      deter similar future conduct by these Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

34.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully
      set forth herein.

35.   Defendants Equifax and Trans Union are "consumer reporting agencies," as codified at
      15 U.S.C. § 1681a(e).

36.   Capital One is an entity who, regularly and in the course of business, furnishes
      information to one or more consumer reporting agencies about its transactions or
      experiences with any consumer and therefore constitutes a "furnisher," as codified at 15
      U.S.C. § 1681s-2.

37.   Plaintiff notified Defendants Equifax and Trans Union directly of a dispute on the Capital
      One account's completeness and/or accuracy, as reported.

38.   Defendants Equifax and Trans Union properly forwarded all dispute information to
      Capital One.

39.   In the alternative, Defendants Equifax and Trans Union failed to do so and violated the
      FCRA in not doing so.

6

40.  All Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

41.  Plaintiff alleges that at all relevant times Defendants Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

42.  One example of the wrongdoing on the part of all Defendants is that this individual account is too old to be reported but all Defendants closed their eyes to this fact, refused to look at this, or willfully, recklessly wantonly, or negligently failed to consider this.

43.  Plaintiff alleges that all Defendants failed to conduct a proper and lawful investigation or reinvestigation.

44.  Had the Defendants conducted a reasonable investigation the account would have been deleted.

45.  All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

46.  All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

7

## SECOND CLAIM FOR RELIEF
### State Law Claims

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

48. All Defendants intentionally published false and defamatory information related to the Capital One account.

49. All Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of Capital One's account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

50. All Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

51. All Defendants violated all of the duties all Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

52. It was foreseeable, and all Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

53. All Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

54. All Defendants acted with intentional, reckless, or wanton conduct in reporting this false information.

55. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

56.   As a result of this conduct, action, and inaction of all Defendants, Plaintiff has suffered

damage as set forth in this Complaint.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully prays that judgment in excess of $75,000 be entered

against the Defendants for the following:

A.   An award of statutory, actual, compensatory and punitive damages, and costs of the

action including expenses, together with reasonable attorney's fees.

B.   Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or State

law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts

9

**Serve defendants via certified mail at the following addresses:**

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

ELECTRONICALLY FILED
12/3/2009 8:35 PM
CV-2009-903868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ARLANDER TAYLOR, III,       ) | |
|       ) | |
|     **Plaintiff,**       ) | |
|       ) | |
| **v.**       ) | **Civil Action No.:** |
|       ) | |
| EQUIFAX INFORMATION       ) | |
| SERVICES, INC. and TRANS UNION,       ) | |
| LLC,       ) | |
|       ) | |
|     **Defendants.**       ) | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS EQUIFAX INFORMATION SERVICES, INC. AND TRANS UNION, LLC

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein, through his attorneys of record, M. Stan Herring and John G. Watts in accordance with the provisions of Rule 33, et seq., of the Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each Interrogatory pertains to the time period beginning January, 2007, through the present date. Thus, your responses should be fully answered as they pertain to information within that time frame. Further, each Interrogatory should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1.    "You" includes this Defendant, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.  "You" includes any of your sister companies or related entities, including, and their connected companies, whether or not separately incorporated.

2.    "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.  The term "documents" shall also mean and include

every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

(a)     The nature of the document (e.g., letter, memorandum, contract, etc.);

(b)     The author or sender of the document;

(c)     The recipient of the document;

(d)     The date the document was authored, sent, and/or received; and

(e)     The reason such document is allegedly privileged.

3.     "Audit Trail" means a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the Federbush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

4.     "Identify" means that you should state:

a.     any and all names, legal, trade or assumed;

b.   all addresses used;

c.   all telephone and fax numbers used; and, if applicable:

d.   brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

e.   employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

5.   "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

6.   "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

7.   "Describe" means to represent or give an account of in words.

8.   "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

9.   "Other Defendant" means any Defendant(s) in this case.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named

have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a)    Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b)    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c)    Please explain and describe your understanding of their knowledge of such facts.

**INTERROGATORY NO. 2**:

Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as the Plaintiff, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiffs' complaint, or your answer, anticipated answer and/or defenses thereto.

**INTERROGATORY NO. 3**:

Please state whether you have reported any accounts of or related to the Plaintiff to any recipients and, in connection with your response, please identify the recipients of such reports, the manner reported, the identifying data connected with the report, and explain and describe the manner and identifiers under which you received the information.

**INTERROGATORY NO. 4**:

State all of the facts and describe all actions you took, including not limited to correspondence and communications with any consumer reporting agency, furnisher, creditor or potential creditor, or the Plaintiff, with regard to or which in any way references the Plaintiff and/or any of the accounts of the Plaintiff.

**INTERROGATORY NO. 5**:

State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database as set forth in §1681e(b). Please also state your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure you conduct a reasonable and proper reinvestigation of any disputed accounts as set forth in §1681i.

**INTERROGATORY NO. 6**:

If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**INTERROGATORY NO. 7**:

If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for

withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**INTERROGATORY NO. 8**:

State whether you have reported data on the Plaintiff's consumer reports or consumer disclosures which is inaccurate and, if so, state why such inaccurate information was placed on his/her/their consumer report(s) or consumer disclosures, state the date(s) such report(s) / disclosures was (were) issued, to whom the report(s) was (were) issued, and state what you could and should have done to prevent the inaccurate data from being reported on his/her/their consumer report(s) or disclosures.

**INTERROGATORY NO. 9**:

State your procedures (and identify all documents related thereto) designed to assure the proper investigation or reinvestigation of disputed consumer data and the overall accuracy of the information in your consumer credit database and consumer reports or disclosures you issued.

**INTERROGATORY NO. 10:**

For each dispute of any type from or related to the Plaintiff or concerning any account of Plaintiff, please describe the process of the investigation and the result of the investigation as set forth below:

    (a)    List the date of each such dispute;

    (b)    Describe the policy and procedure for investigating the dispute including what documents are to be consulted or reviewed; what documents are to be generated; and the identities or description of who is to be involved in any manner with making the decisions;

(c)    For each dispute (listing the date) describe in detail whether the above described policy and procedure for investigating the dispute was followed; what documents were consulted or reviewed; what documents were generated; the identities of all persons involved in any manner with processing or handling the dispute and/or making the decision on the investigation; and the result of the investigation.

## INTERROGATORY NO. 11:

Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject[s] of any defense[s] you have raised to this lawsuit.

## INTERROGATORY NO. 12:

Please list, explain and describe each and every contact or communication you received from your co-defendants which, in any way, referenced Plaintiff. This request would include any GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls and other means of communication.

## INTERROGATORY NO. 13:

For each dispute that was received by you related to the Plaintiff, identify the following:

a.    The amount of time the person or persons spent investigating each dispute;

b.    Whether each person or persons are employed by you;

c.    Whether each person or persons could make an outbound call in the investigation;

    d.     Whether each person or persons could send or receive an email;

    e.     Whether each person or persons could send or receive a fax;

    f.     The amount of compensation each such person or persons received for the investigation; and

    g.     Whether each person or persons complied with your policies and procedures in the investigation of the Plaintiff's dispute.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Request for Documents propounded by Plaintiff herein, through his attorneys of record, M. Stan Herring and John G. Watts in accordance with the provisions of Rule 34, et seq., of the Rules of Civil Procedure.

1.    Please produce all documents involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of his personal identifiers.

2.    Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

3.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data on consumers in any credit report, consumer report, or consumer disclosure, during each of the three (3) years prior to this lawsuit and up to the present.

4.    Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for altering previously

reported data on a consumer, during each of the three (3) years prior to this lawsuit and up to the present.

5.  Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for retention, dissemination or disposal of account data, during each of the three (3) years prior to this lawsuit and up to the present.

6.  Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the three (3) years prior to this lawsuit and up to the present.

7.  Please produce your policy manuals, procedure manuals, or other documents or video, which are provided to your employees or independent contractors concerning retention, alteration, correction, investigation, dissemination or disposal of data on a credit report, consumer report or consumer disclosure during each of the three (3) years prior to this lawsuit and up to the present.

8.  Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants.

9.  Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for handling Consumer Disputes, including but not limited GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls, and other means, by whatever named called, of communication to any other agency, entity, consumer reporting agency or

furnisher, in each of following three (3) years prior to this lawsuit and up to the present.

10.     Please produce all of your documents evidencing or including data concerning the names, addresses, telephone numbers and personnel files of current employees and current whereabouts of each and every one of your employees who communicated with Plaintiff, investigated the plaintiff's dispute, or handled, processed, updated in any way Plaintiff's credit reports and/or accounts or tradelines.

11.     Please provide a complete audit trail of any document(s), computer(s), or other data held by you which constitute, indicate, address or discuss your investigation or reinvestigation or modifying or amending any information regarding Plaintiff reported by you.

12.     Please produce all documents which constitute consumer dispute verification (CDV's), Universal Data correction forms, correspondence with any consumer reporting agency, data deletion forms, or any other documents which request an alteration and/or deletion of data you or any other defendant, individual or entity had reported about Plaintiff, which contained any one of Plaintiff's personal identifiers.

13.     Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal

identification numbers and/or access codes were used or made available to you by any party to this case.

14.    Please produce your documents which evidence, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

15.    Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or collection agency or furnisher or government bureau or any Better Business Bureau which in any way relates to the account or Plaintiff.

16.    Please produce all documents which refer in any manner to the Plaintiff or any of Plaintiff's accounts, including but not limited to credit reports or consumer reports.

17.    Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
 (205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
12/3/2009 8:35 PM
CV-2009-903868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ARLANDER TAYLOR, III,      )
                               )
     **Plaintiff,**          )
                               )
**v.**                         )     **Civil Action No.:**
                               )
**EQUIFAX INFORMATION**    )
**SERVICES, INC. and TRANS UNION,**  )
**LLC,**                       )
                               )
     **Defendants.**       )

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF EQUIFAX INFORMATION SERVICES, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**         **Corporate Representative of Equifax Information Services, Inc.**

**DATE:**          **February 16, 2010**

**TIME:**          **9:00 a.m.**

**PLACE:**         **Watts Law Group, P.C.**
                     **The Kress Building**
                     **301 19th Street North**
                     **Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1. All allegations of fact stated in the complaint in this lawsuit.

2. All affirmative defenses asserted by the Defendant.

3. Whether or not Defendant's credit reporting on the subject account was accurate.

4. The policies, procedures and practices put in place by the Defendant to insure that the investigations or reinvestigations initiated by Plaintiff would result in accurate credit reportings relating to Plaintiff.

5.  The definition of "accurate" and "verifiable" as those terms are used in Defendant's investigation or reinvestigation process.

6.  The nature and content of any records maintained by the Defendant--including archived copies and recorded conversations--relating to the investigation or reinvestigation of any trade lines appearing on Plaintiff's credit report.

7.  The number of reinvestigations of credit disputes handled by the Defendant on an annual basis and economic resources attributable to those investigations or reinvestigations.

8.  Any quotas or productivity targets for the Defendant's reinvestigators of credit disputes.

9.  Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Defendant.

10. The documents and informational resources available to the Defendant's employees who are responsible for reinvestigating disputed credit reportings made by the Defendant.

11. The budgetary allocation of resources of the Defendant to reinvestigations of credit reporting disputes.

12. The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

13. The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

14. The identity, content, and number of computer systems used to maintain data on consumers, their accounts, collections or applications and the access given to each of those systems.

15. Scope of Defendant's employees' authority to correct credit reporting errors.

16. Outsourcing by Defendant of any of the investigation or reinvestigation process.

17. The existence and content of any policy or procedure for handling credit reporting reinvestigations.

18. The documents which are regularly maintained by the Defendant relative to any investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

19. The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

20. The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

21. The identity and expert credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

22. Any communications between the Defendant and the Plaintiff relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

23. Any releases or waivers signed by the Plaintiff.

24. Any insurance or bonding carried by the Defendant, which may provide coverage for the allegations in Plaintiff's complaint.

25. Whether or not the Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at § 1681a(c).

26. The existence of, date of and receipt of any credit applications from the Plaintiff.

27. The procedures in place at the Defendant to ensure that false or inaccurate information is not reported on any consumer's credit report.

28. Whether or not the Defendant has reported credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

29. The time, place, manner, and content of any reporting of credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

30. The format of the Defendant's credit reportings from the furnisher [e.g.] Metro or Metro II format.

31. The content of each available data field or segment reported relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

32. The capability of the Defendant's computer to reproduce records of past credit reportings of the Plaintiff.

33. Whether or not Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers

including but not limited to name, address and social security number and the contents of said dispute.

34. The time and form in which any consumer dispute was received, and the identity of any persons reviewing or acting on it.

35. The time, place, and manner in which any actions were taken in response to any such notice of a consumer dispute.

36. The steps and measures that were taken in the course of investigating or reinvestigating any credit information supplied by the furnisher, which credit information related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

37. The content of any information which was used in order to investigate or reinvestigate any credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

38. The identity of any individual who participated in or supervised any investigation or reinvestigation of a credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

39. The existence and nature of the legal relationship between the furnisher and Defendant.

40. Whether or not the Defendant's actions in relation to its reporting of credit data relating to the Plaintiff was willful.

41. Whether or not the Defendant willfully failed in its duties to properly investigate or reinvestigate credit disputes sent by the Plaintiff to consumer reporting agencies.

42. Whether or not the Defendant's actions in investigating or reinvestigating its credit reporting relating to the Plaintiff was willful.

43. The motive and intent of the Defendant's actions in relation to its reporting and investigation or reinvestigation of the credit information relating to Plaintiff's personal identifiers.

44. Defendant's procedures to comply with § 1681(e) requirements.

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
12/3/2009 8:35 PM
CV-2009-903868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| ARLANDER TAYLOR, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, INC. and TRANS UNION, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF TRANS UNION, LLC

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**   Corporate Representative of Trans Union, LLC

**DATE:**   February 16, 2010

**TIME:**   Immediately following the Deposition of the Corporate Representative of Equifax Information Services, Inc.

**PLACE:**   Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1. All allegations of fact stated in the complaint in this lawsuit.

2. All affirmative defenses asserted by the Defendant.

3. Whether or not Defendant's credit reporting on the subject account was accurate.

4. The policies, procedures and practices put in place by the Defendant to insure that the investigations or reinvestigations initiated by Plaintiff would result in accurate credit reportings relating to Plaintiff.

5.    The definition of "accurate" and "verifiable" as those terms are used in Defendant's investigation or reinvestigation process.

6.    The nature and content of any records maintained by the Defendant--including archived copies and recorded conversations--relating to the investigation or reinvestigation of any trade lines appearing on Plaintiff's credit report.

7.    The number of reinvestigations of credit disputes handled by the Defendant on an annual basis and economic resources attributable to those investigations or reinvestigations.

8.    Any quotas or productivity targets for the Defendant's reinvestigators of credit disputes.

9.    Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Defendant.

10.   The documents and informational resources available to the Defendant's employees who are responsible for reinvestigating disputed credit reportings made by the Defendant.

11.   The budgetary allocation of resources of the Defendant to reinvestigations of credit reporting disputes.

12.   The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

13.   The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

14.   The identity, content, and number of computer systems used to maintain data on consumers, their accounts, collections or applications and the access given to each of those systems.

15.   Scope of Defendant's employees' authority to correct credit reporting errors.

16.   Outsourcing by Defendant of any of the investigation or reinvestigation process.

17.   The existence and content of any policy or procedure for handling credit reporting reinvestigations.

18.   The documents which are regularly maintained by the Defendant relative to any investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

19. The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

20. The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

21. The identity and expert credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

22. Any communications between the Defendant and the Plaintiff relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

23. Any releases or waivers signed by the Plaintiff.

24. Any insurance or bonding carried by the Defendant, which may provide coverage for the allegations in Plaintiff's complaint.

25. Whether or not the Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at § 1681a(c).

26. The existence of, date of and receipt of any credit applications from the Plaintiff.

27. The procedures in place at the Defendant to ensure that false or inaccurate information is not reported on any consumer's credit report.

28. Whether or not the Defendant has reported credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

29. The time, place, manner, and content of any reporting of credit information relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

30. The format of the Defendant's credit reportings from the furnisher [e.g.] Metro or Metro II format.

31. The content of each available data field or segment reported relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

32. The capability of the Defendant's computer to reproduce records of past credit reportings of the Plaintiff.

33. Whether or not Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers

including but not limited to name, address and social security number and the contents of said dispute.

34. The time and form in which any consumer dispute was received, and the identity of any persons reviewing or acting on it.

35. The time, place, and manner in which any actions were taken in response to any such notice of a consumer dispute.

36. The steps and measures that were taken in the course of investigating or reinvestigating any credit information supplied by the furnisher, which credit information related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

37. The content of any information which was used in order to investigate or reinvestigate any credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

38. The identity of any individual who participated in or supervised any investigation or reinvestigation of a credit reporting dispute by Plaintiff's of credit information supplied by or to the Defendant.

39. The existence and nature of the legal relationship between the furnisher and Defendant.

40. Whether or not the Defendant's actions in relation to its reporting of credit data relating to the Plaintiff was willful.

41. Whether or not the Defendant willfully failed in its duties to properly investigate or reinvestigate credit disputes sent by the Plaintiff to consumer reporting agencies.

42. Whether or not the Defendant's actions in investigating or reinvestigating its credit reporting relating to the Plaintiff was willful.

43. The motive and intent of the Defendant's actions in relation to its reporting and investigation or reinvestigation of the credit information relating to Plaintiff's personal identifiers.

44. Defendant's procedures to comply with § 1681(e) requirements.

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2009-903868.00 |
| --- | --- | --- |

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**

**ARLANDER TAYLOR III v. EQUIFAX INFORMATION SERVICES, LLC ET AL**

**NOTICE TO** EQUIFAX INFORMATION SERVICES, LLC, C/O CSC LAWYERS INC. SRV 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ARLANDER TAYLOR III
   pursuant to the Alabama Rules of the Civil Procedure

| 12/3/2009 8:35:28 PM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2009-903868.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**

**ARLANDER TAYLOR III v. EQUIFAX INFORMATION SERVICES, LLC ET AL**

TRANS UNION, LLC, C/O PRENTICE-HALL CORP SY 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ARLANDER TAYLOR III

    pursuant to the Alabama Rules of the Civil Procedure

| 12/3/2009 8:35:28 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____      _____

Date             Server's Signature